Wilkins, J.
This proceeding came into this court upon appeal from the probate court of this county, it appearing that application was made to said court for the appointment of an administrator of the estate of said Stingacs, deceased; and that the administrator under said application was removed, upon motion of Ernest Ludwig, consul of the Austro-Hungarian Monarchy, the decedent being a subject of Ms Majesty, the Emperor of Austria and King of Hungary.
The only question which the court is called upon to determine is, whether or not the consul of the Austro-Hungarian Govern *108 ment under the treaty between that Government and the United States, can designate a representative to aet for him as administrator of this estate, it being conceded that under the treaties between the two governments, the consul or vice-consul or other accredited representative of the Austro-Hungarian Government would have the right to be appointed as administrator of the estate of any citizen of his own government who died within his jurisdiction without will or testament.
The treaty between the United States and His Majesty, the Emperor of Austria and King of Hungary, provides among other things “that the high contracting parties grant to each other the liberty of having, each in the ports of the other, consuls, vice-consuls, commercial agents and vice-commercial agents of their own appointment, who shall enjoy the same privileges and power as those of the most favored nations. ’ ’
And in the treaty between the United States and Austria-Hungary, Article XY provides: “consuls-general, consuls, vice-consuls and consulars agents,, also consular pupils, chancellors and consular officers shall enjoy in the two countries, all the liberties, prerogatives, immunities and privileges granted to functionaries of the same class of the most favored nation.”
Article XYI provides: “in case of the death of a citizen of the United States in the Austrian Hungarian Monarchy, or of a citizen of the Austrian Hungarian Monarchy in the United States, without having any known heirs or testamentary executors appointed by him, the competent local authorities shall inform the consuls or consular agents of the state to which the deceased belonged, of the circumstances, in order that the necessary information may be immediately forwarded to the parties interested. ”
It appears from the record in this ease that the decedent left no known heirs or testamentary executors by him appointed, so that the question arises, can the consul designate a representative to act as administrator to represent him during his absence, it being conceded that he has no office or headquarters in Trumbull county.
It will be observed that the treaties between the two governments provide that the representatives of each shall have in addi *109 tion to the powers specifically enumerated in the treaties in question, all of such powers, rights and privileges granted by any other treaties to the most favored nations.
So that it will be necessary in determining this question to examine the various treaties between the United States Government and other nations as well as those between the United States and Austria-Hungary, to determine what rights and privileges the consul may have under the circumstances presented in this case.
Section 2 of Article VI of the Constitution of the' United States provided this: “The Constitution and the laws of the United States made in pursuance thereof and all the treaties made or which shall be made under the authority of the United States, shall be the supreme law of the land, and the judges of every state shall be bound thereby, anything in the Constitution and laws of any state to the contrary notwithstanding.”
The treaty is therefore the law of the land, and the judges of every state are as much bound thereby as they are by the Constitution and the laws of the federal and state governments. It is therefore the duty of the judicial tribunals of Ohio to take cognizance of the rights of persons arising under the treaty to the same extent as if they arise under the statute of the state itself.
This is the law of Ohio as laid down by our Supreme Court in the case of State v. Vanderpool, 39th O. S., 276-7, so that regardless of any provisions of the General Code, designating who may be appointed administrators 'of the estates of residents of this state, we are required to follow the provisions of the treaties, and statutory law of the state must give way to the provisions herein set forth. . Keeping in mind that we are dealing with the rights and property of the subject of a foreign government, we can see many reasons why the representative of that government should have control of the property of one of its- citizens who may have died in this country. The Common Pleas Court of Tuscarawas County, 9 N.P.(N.S.), 369, laid down the rule that “a claim for wrongful death is a chose in action, and as such is property and a part of the special estate of the decedent, to *110 be recovered in tbe name of tbe administrator for tbe benefit of the beneficiaries named in the statute.” The treaty between the United States and the Argentine Confederation provides that, “if any citizen of either of the two contracting parties shall die without will or testament, in any of the territories of the other, the consul general or consul of the nation to which the deceased belonged, or the representative of such consul general or consul, in his absence, shall have the right to intervene in the possession, administration and judicial liquidation of the estate of the deceased, conformably with the laws of the country, for the benefit of the creditors and legal heirs.”
By reason of the use of what is known of the most favored nation clause in the treaty between the United States and the Austro-Hungarian Government, we must read this provision found in this treaty between this government and the Argentine Confederation. It therefore seems clear to me, that the accredited representative of the Austro-Hungarian Government, being located at Cleveland, is absent from Trumbull county, and if he appoints a representative to act for him in his absence, and such appointment is so made as to become a matter of record under the authority of the accredited representative in the probate court of this county, then it would be the duty of the probate court to appoint such representative so elected and designated by the accredited representative of the Austro-Hungarian Government, upon certificate of the consul of his absence as provided by the treaty.'
. The appointment of such a representative should not be made in an informal manner, but in such a way that the record of the probate court will clearly show that he was so designated and selected to act in the place and stead of the consul himself, in his absence, and when that is done the probate court has no discretion but is required to appoint the representative so designáted as administrator.
A decree may be entered accordingly.